Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

YENIFER BARRERA and WENDY AGUDELO, individually
and on behalf of all others similarly situated,

|  |  |
|---|---|
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| THE BUSHWICK ALE HOUSE, INC., and LOUIE SELAMAJ, and ELIANA GRAJALES, as individuals, | |
| Defendants. | |

-----------------------------------------------------------------------X

1. Plaintiffs, **YENIFER BARRERA and WENDY AGUDELO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

   **PRELIMINARY STATEMENT**

2. Plaintiffs, **YENIFER BARRERA and WENDY AGUDELO, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **THE BUSHWICK ALE HOUSE, INC., and LOUIE SELAMAJ, and ELIANA GRAJALES, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at THE BUSHWICK ALE HOUSE, INC., located at 1056 Broadway, Brooklyn, New York 11221.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

exceeding $100,000.00.   Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff YENIFER BARRERA, residing at 3510 35th Street, Astoria, New York 11106, was employed from in or around December 2019 until in or around February 2020 by Defendants at THE BUSHWICK ALE HOUSE, INC., located at 1056 Broadway, Brooklyn, New York 11221.

9. Plaintiff WENDY AGUDELO, residing at 3506 34th Street, Long Island City, New York 11106, was employed from in or around October 2019 until in or around February 2020 by Defendants at THE BUSHWICK ALE HOUSE, INC., located at 1056 Broadway, Brooklyn, New York 11221.

10. Defendant, THE BUSHWICK ALE HOUSE, INC. is a corporation organized under the laws of New York.

11. Defendant, THE BUSHWICK ALE HOUSE, INC. is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant, THE BUSHWICK ALE HOUSE, INC. is a corporation organized under the laws of New York with a principal executive office at 1056 Broadway, Brooklyn, New York 11221.

13. Upon information and belief, Defendant LOUIE SELAMAJ owns and operates THE BUSHWICK ALE HOUSE, INC.

14. Defendant LOUIE SELAMAJ is the Chief Executive Officer of THE BUSHWICK ALE HOUSE, INC. primarily at the Brooklyn location, where Plaintiffs were employed.

15. Upon information and belief, Defendant LOUIE SELAMAJ is an agent of THE BUSHWICK ALE HOUSE, INC.

16. Defendant LOUIE SELAMAJ has power over personnel decisions at THE BUSHWICK ALE HOUSE, INC.

17. Upon information and belief, Defendant LOUIE SELAMAJ has power over payroll decisions at THE BUSHWICK ALE HOUSE, INC.

18. Defendant LOUIE SELAMAJ has the power to hire and fire employees, including the Plaintiff, at THE BUSHWICK ALE HOUSE, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

19. During all relevant times herein, Defendant LOUIE SELAMAJ was Plaintiffs' employer within the meaning of the FLSA and NYLL.

20. Upon information and belief, Defendant ELIANA GRAJALES owns and/or operates THE BUSHWICK ALE HOUSE, INC.

21. Upon information and belief, Defendant ELIANA GRAJALES is an agent of THE BUSHWICK ALE HOUSE, INC.

22. Upon information and belief, Defendant ELIANA GRAJALES has power over personnel decisions at THE BUSHWICK ALE HOUSE, INC. and hired the Plaintiffs.

23. Defendant ELIANA GRAJALES supervised the Plaintiffs on a daily basis.

24. Upon information and belief, Defendant ELIANA GRAJALES has power over payroll decisions at THE BUSHWICK ALE HOUSE, INC. and distributed pay to the Plaintiffs.

25. Defendant ELIANA GRAJALES has the power to hire and fire employees, including the Plaintiffs, at THE BUSHWICK ALE HOUSE, INC., establish and pay their wages, set their work schedule, and maintain their employment records.

26. During all relevant times herein, Defendant ELIANA GRAJALES was Plaintiffs' employer within the meaning of the FLSA and NYLL.

27. On information and belief, THE BUSHWICK ALE HOUSE, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

28. Plaintiff YENIFER BARRERA was employed from in or around December 2019 until in or around February 2020 by Defendants at THE BUSHWICK ALE HOUSE, INC.

29. During Plaintiff YENIFER BARRERA'S employment by Defendants, Plaintiff's primary duties were as a waitress, while performing other miscellaneous duties from in or around December 2019 until in or around February 2020.

30. Plaintiff YENIFER BARRERA was paid by Defendants approximately $40.00 per day from in or around December 2019 until in or around February 2020.

31. Plaintiff worked approximately eight (8) hours or more per week during her employment by Defendants from in or around December 2019 until in or around February 2020.

32. Defendants failed to pay Plaintiff YENIFER BARRERA the legally prescribed minimum wage for her hours worked from in or around December 2019 until in or around February 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

33. Plaintiff WENDY AGUDELO was employed from in or around October 2019 until in or around February 2020 by Defendants at THE BUSHWICK ALE HOUSE, INC.

34. During Plaintiff WENDY AGUDELO'S employment by Defendants, Plaintiff's primary duties were as a waitress, while performing other miscellaneous duties from in or around October 2019 until in or around February 2020.

35. Plaintiff WENDY AGUDELO was paid by Defendants approximately $40.00 per day from in or around October 2019 until in or around February 2020.

36. Plaintiff WENDY AGUDELO worked approximately thirty-one (31) hours or more per week during her employment by Defendants from in or around October 2019 until in or around February 2020.

37. Defendants failed to pay Plaintiff WENDY AGUDELO the legally prescribed minimum wage for her hours worked from in or around October 2019 until in or around February 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

42. Collective Class: All persons who are or have been employed by the Defendants as waitresses, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

43. Upon information and belief, Defendants employed between 20 and 30 employees within the past three years subjected to similar payment structures.

44. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

46. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

47. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

48. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

49. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

50. The claims of Plaintiffs are typical of the claims of the putative class.

51. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

52. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

1. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

2. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

6

3. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

4. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

5. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

6. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

7. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

8. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

9. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

10. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

11. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

12. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

13. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiff were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

7

14. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

15. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

16. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

17. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

18. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

19. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

20. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid minimum wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

8

d.  Awarding Plaintiffs prejudgment and post-judgment interest;

e.  Awarding Plaintiffs the costs of this action together with reasonable attorneys'
    fees; and

f.  Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial
by jury on all questions of fact raised by the complaint.

Dated: This 7th day of August 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YENIFER BARRERA and WENDY AGUDELO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

THE BUSHWICK ALE HOUSE, INC., and LOUIE SELAMAJ, and ELIANA GRAJALES, as individuals,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**THE BUSHWICK ALE HOUSE, INC.**
**1056 BROADWAY**
**BROOKLYN, NEW YORK 11221**

**LOUIE SELAMAJ**
**1056 BROADWAY**
**BROOKLYN, NEW YORK 11221**

**ELIANA GRAJALES**
**1056 BROADWAY**
**BROOKLYN, NEW YORK 11221**