

# HELEN F. DALTON & ASSOCIATES, P.C.

## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

December 2, 2020

**Via ECF**
The Honorable Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: **Barrera v. The Bushwick Ale House, Inc., et al.**
          **20-CV-3572 (RLM)**

Dear Judge Mann:

      Our office represents the Plaintiffs in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as **Exhibit 1** memorializes the terms agreed upon by the parties during their continued negotiations.

**Settlement Terms**

      The parties reached a settlement to resolve all claims asserted in this matter for $10,000.00, including attorneys' fees (which are addressed below).

**Plaintiffs' Position**

      Plaintiffs Yenifer Barrera and Wendy Agudelo ("Plaintiffs") alleged that they were former employees of The Bushwick Ale House Inc., Louie Selamaj and Eliana Grajales (collectively, "the Defendants") and that they were not paid proper minimum wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL").

      Plaintiffs were employed at Defendants' bar and restaurant, located at 1056 Broadway, Brooklyn New York 11221 as waitresses. Plaintiff Barrera alleged that she was employed for approximately three months and worked approximately 8 hours per week during her employment. Plaintiff Agudelo alleged that she was employed for approximately four months and worked approximately 31 hours per week. Both Plaintiffs alleged that they were paid $5.00 per hour, which

fell below the applicable New York State minimum wage of $15.00 per hour during their employment.

Based on Plaintiffs' allegation, our office determined that Plaintiffs were owed approximately $7,750.00 in unpaid wages. If Plaintiff were 100% successful on all of their claims at trial, including their claims for liquidated damages and statutory penalties under NYLL §195 for failure to provide wage statements and notices, Plaintiffs could have recovered up to $30,000.00.

Although Plaintiffs were confident that they could succeed on all or most of their claims at trial, their preference was a guaranteed payment through a court-approved settlement agreement. In accepting the settlement, Plaintiffs weighed the defenses raised by Defendants below, the factual disputes pertaining to Plaintiffs' employment, and most importantly, Defendants' financial situation and the ability to collect on a larger judgment should the matter have proceeded to trial. Plaintiffs recognized the impact that Covid-19 has had on the hospitality industry and understood the risks of continued litigation in accepting the settlement offer. After attorneys' fees, Plaintiffs will recover close to 100% of their alleged unpaid wages.

**Defendants' Position**

Defendants' position is that all times during the employment of Plaintiffs to date (1) Defendant The Bushwick Ale House Inc. has grossed less than $500,000.00 per annum; (2) that Defendants paid plaintiffs $22.00 or more per hour for every hour they worked at The Bushwick Ale House Inc.; and 3) Defendant The Bushwick Ale House Inc. and the individual Defendants otherwise complied with all record keeping and notice provisions of the laws alleged by Plaintiffs to have been violated. Defendants deny that Plaintiffs are entitled to any recovery but understand the costs associated with continued litigation and trial, and therefore made the business decision to settle these claims.

**Plaintiffs' Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $10,000.00. The parties believe that this amount is reasonable in light of Plaintiffs' claims and the defenses maintained by Defendants and the fact that this settlement was achieved through negotiations between experienced counsel.

Plaintiffs will recover $6,144.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with their retainer agreements with Plaintiffs' counsel. Plaintiffs' counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $784.00, for identifiable expenses, which include the Eastern District of New York filing fee ($400.00) and the costs of personally serving Defendants through their process server ($384.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $3,856.00.

**Settlement Amount:** $10,000.00
**Attorneys' Expenses:** $784.00
**Settlement less Expenses:** $9,216.00
**Requested Attorneys' Fees:** $3,072.00 ($9,216.00 / 3)
**Total payable to Attorneys:** $3,856.00 ($3,072.00 + $784.00)
**Total payable to Plaintiffs:** $6,144.00

Plaintiffs' counsel and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Here, Plaintiffs' counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). As a check on the requested fees, Plaintiffs' counsel attaches their contemporaneous billing records and qualifications hereto as **Exhibit 2**.

Furthermore, the Settlement Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement.

In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.
*Attorneys for Plaintiffs*